United States District Court
For the Northern District of California

1
2
3
4
5               UNITED STATES DISTRICT COURT
6               NORTHERN DISTRICT OF CALIFORNIA
7
8    H. DEMETRIUS JOHNSON,                    No. C-11-2052 EMC
9            Plaintiff,
10       v.                                   **ORDER DENYING PLAINTIFF'S
                                              MOTION TO APPOINT COUNSEL;
                                              GRANTING IN PART AND DENYING
11   JOHN ECKSTROM, *et al.*,                 IN PART DEFENDANTS' MOTION TO
                                              STRIKE; AND GRANTING
12           Defendants.                      PLAINTIFF'S MOTION TO FILE
                                              DOCUMENTS UNDER SEAL**
13   _____/
                                              **(Docket Nos. 28-30)**
14
15
16       Plaintiff H. Demetrius Johnson has filed two motions with the Court, the first a motion to
17   appoint counsel and the second a motion to file documents under seal.  Having considered the papers
18   submitted, as well as all other evidence of record, the Court hereby **DENIES** the first motion and
19   **GRANTS** the second.  The Court also **GRANTS** in part and **DENIES** in part Defendants' motion to
20   strike.
21                           I.   DISCUSSION
22   A.   Motion to Appoint Counsel (Docket No. 28)
23       In his first motion, Mr. Johnson asks the Court to appoint counsel to represent him in this
24   action.  At least some of the claims asserted by Mr. Johnson appear to be claims brought pursuant to
25   Title VII of the Civil Rights Act of 1964.  Under Title VII, pro bono counsel may be appointed
26   "[u]pon application by the complainant and in such circumstances as the court may deem just."  42
27   U.S.C. § 2000e-5(f)(1)(B).  A court must assess three factors in making a determination under this
28   section: "(1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel,

United States District Court

For the Northern District of California

1    and (3) whether the plaintiff's claim has merit." *Bradshaw v. Zoological Soc'y of San Diego*, 662

2    F.2d 1301, 1318 (9th Cir. 1981).

3         The Court concludes that, in the instant case, Mr. Johnson has failed to establish that these

4    factors weigh in favor of his being appointed counsel.  Even assuming that Mr. Johnson does not

5    have the financial resources to pay for representation,[1] he must still establish that he has made a

6    reasonably diligent effort to obtain representation and that his case has merit.  On his efforts to find

7    counsel, Mr. Johnson has simply stated in conclusory terms that he has "contacted a number of

8    attorneys that were unwilling to take on HAMCI."  Mot. at 1.  Mr. Johnson has not provided any

9    specifics as to the number of attorneys he contacted, their identities, and when he consulted with

10   them.  With respect to the merits of his case, Mr. Johnson has simply stated that he has "showed

11   enough good cause for this case to go to trial."  Mot. at 1.  He has not provided any explanation as to

12   why his case is likely to succeed.

13        Accordingly, the Court denies the motion for appointment of counsel.  The hearing on

14   Defendants' motion to dismiss shall proceed on November 21, 2011.

15        To the extent Defendants ask, in their opposition brief, for relief (*i.e.*, to strike allegedly false

16   statements made in the motion and to admonish Mr. Johnson), *see* Docket No. 30 (opposition and

17   motion), that relief is denied, with one exception.  More specifically, the Court grants Defendants'

18   request to strike Mr. Johnson's statement in the motion as to the amount offered in settlement.

19   B.   <u>Motion to File Documents Under Seal (Docket No. 29)</u>

20        Mr. Johnson has moved the Court to seal "all Documents that pertain to 3rd party

21   information."  Mot. at 1.  Although Mr. Johnson has not specified what documents he is referring to,

22   it appears based on the motion and Defendants' opposition to the motion to appoint counsel, that the

23   documents at issue are included among those appended to his case management statement filed on

24   October 13, 2011.  *See* Docket No. 23 (statement).  Because there are numerous documents attached

---

25
26        [1] The Court notes that it previously granted Mr. Johnson's application to proceed *in forma
          pauperis*.  *See* Docket No. 5 (order).  Defendants argue that the Court may have been misled because
27        Mr. Johnson actually submitted two contradictory financial affidavits, one in which he represented
          that he was not currently employed and one in which he represented that he was.  *See* Docket Nos.
28        1-2 (complaint and motion to proceed *in forma pauperis*).  Defendants also assert that Mr. Johnson
          is currently working two jobs, and thus has the financial ability to afford counsel.

to the statement, the Court shall at this juncture order the Clerk of the Court to seal *all* of the documents attached to the case management statement.  The Court further orders Mr. Johnson and Defendants to meet and confer to determine which documents should not be publicly filed because they contain sensitive information (whether third-party information or otherwise).  After the meet and confer, Mr. Johnson shall re-file any documents that do contain sensitive information so that they are available for public review.  The meet and confer must take place within a week of the date of this order.  Mr. Johnson has two weeks from the date of this order to re-file documents that do not contain sensitive information.

## II.   CONCLUSION

For the foregoing reasons, the Court denies Mr. Johnson's motion to appoint counsel but grants his motion to file documents under seal.  The Court further grants in part and denies in part Defendants' motion to strike.

Mr. Johnson is advised that information and advice may be obtained from the Legal Help Center, a flyer of which is attached.

**The Clerk of the Court is instructed to file under seal the documents attached to Mr. Johnson's case management statement of October 13, 2011.  *See* Docket No. 23 (statement).**

This order disposes of Docket Nos. 28 to 30.


IT IS SO ORDERED.


Dated:  October 28, 2011

_____
EDWARD M. CHEN
United States District Judge

United States District Court
For the Northern District of California

3