UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H. DEMETRIUS JOHNSON,<br><br>  Plaintiff,<br><br>  v.<br><br>JOHN ECKSTROM, *et al.*,<br><br>  Defendants.<br>_____/ | No. C-11-2052 EMC<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION TO DISMISS AND DENYING**<br>**AS MOOT PLAINTIFF'S MOTION TO**<br>**AMEND**<br><br>**(Docket Nos. 19, 35)** |

Plaintiff H. Demetrius Johnson has filed suit against Defendants Haight Ashbury Medical Clinics, Inc. ("HAMC") and its CEO John Eckstrom, asserting claims for, *inter alia*, employment discrimination. Currently pending before the Court is Defendants' motion to dismiss. Having considered the papers filed, as well as the oral argument of counsel and Mr. Johnson proceeding pro se, the Court hereby **GRANTS** the motion to dismiss.

## I. FACTUAL & PROCEDURAL BACKGROUND

Mr. Johnson's complaint is not the model of clarity. However, based on the complaint and accompanying documents he filed, it appears that he is asserting at least the following claims for relief against HAMC, his former employer, and its CEO Mr. Eckstrom: (1) retaliation; (2) discrimination; and (3) defamation.

The retaliation claim seems to be based on Mr. Johnson's allegations that, while employed at HAMC, he asked for an internal investigation into (at least) racial discrimination to which he had been subjected for six years (*e.g.*, unequal pay); that he was not satisfied with the results of the

1 investigation; and that, after he asked for an additional investigation, he was terminated. In other
2 words, Mr. Johnson seems to be making a claim for retaliation based on his participation in
3 protected activity.

4 In his discrimination claim, Mr. Johnson seems to be asserting disparate treatment based on a
5 failure to promote. It appears that the alleged basis of the discrimination is race, sexual orientation,
6 and/or disability. It is not clear, however, whether Mr. Johnson is also making a discrimination
7 claim based on unequal pay.

8 Finally, it appears that Mr. Johnson is asserting a claim for defamation because Defendants
9 said something negative about him to potential employers.

10 Given the lack of clarity in the complaint, the Court shall proceed with the understanding
11 that the only claims asserted in the complaint are: (1) retaliation based on participation in protected
12 activity; (2) failure to promote on the basis of race, sexual orientation, and/or disability; and (3)
13 defamation. These are the claims that are most fairly implicated in the complaint.

## II. DISCUSSION

### A. Legal Standard

Defendants have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Id.* at 1949.

2

B.  Retaliation

    1.  Mr. Eckstrom

Defendants argue that the claim for retaliation as asserted against Mr. Eckstrom (HAMC's CEO) should be dismissed because an individual is not subject to suit under Title VII.

Mr. Johnson's claim for retaliation, as pled, is covered by Title VII. *See* 42 U.S.C. § 2000e-3(a) (providing that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this title [42 U.S.C. §§ 2000e to 2000e-17], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title"). Under Ninth Circuit case law, "civil liability [under Title VII] for employment discrimination does not extend to individual agents of the employer who committed the violations, even if that agent is a supervisory employee." *Pink v. Modoc Indian Health Proj.*, 157 F.3d 1185, 1189 (9th Cir. 1998); *see also Heilman v. Memo*, 359 Fed. Appx. 773, 775 (9th Cir. 2009) (stating that "a supervisor cannot be held liable in his individual capacity for violating Title VII"); *Miller v. Maxwell's Int'l*, 991 F.2d 583, 587-88 (9th Cir. 1993) (stating that "individual defendants cannot be held liable for damages under Title VII"; adding that "[n]o employer will allow supervisory or other personnel to violate Title VII when the employer is liable for the Title VII violation"). Mr. Johnson's position – that Mr. Eckstrom can be held liable on a respondeat superior theory, see Opp'n at 1 (arguing that Defendants "have not shown with any credibility that [Mr. Eckstrom] does not hold a responsibility as a person or as the highest officer of the agency") – is without any legal support.

Accordingly, the claim for retaliation is hereby dismissed. The dismissal is with prejudice because the claim is not legally viable under Title VII and therefore allegation of additional facts would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that, "in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts'").

### 2. HAMC

As noted above, the retaliation claim against HAMC seems to be based on Mr. Johnson's allegations that, while employed at HAMC, he asked for an internal investigation into (at least) racial discrimination to which he had been subjected for six years (*e.g.*, unequal pay); that he was not satisfied with the results of the investigation; and that, after he asked for an additional investigation, he was terminated. In its motion, HAMC argues that Mr. Johnson has not "adequately [pled] a causal connection between any protected activity and an adverse employment action." Mot. at 11.

To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) he engaged in a statutorily protected activity (*i.e.*, that he protested or otherwise opposed unlawful employment discrimination directed against employees protected by Title VII); (2) subsequently, he suffered an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action. *See Thomas v. City of Beaverton*, 379 F.3d 802, 811 (9th Cir. 2004); *Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir. 1994). Thus, Defendants correctly point out that there must be a causal connection between the protected activity and the adverse employment action in order for there to be a viable claim for retaliation. At this juncture, the Court agrees with Defendants that, based on the allegations in the complaint, Mr. Johnson has not adequately alleged a causal connection. The mere fact that Mr. Johnson was terminated after he complained is not sufficient by itself to give rise to an inference of a causal link.

To be sure, the Supreme Court has indicated that one way of establishing a causal link is if the adverse employment action takes place "'very close'" in time after the plaintiff has engaged in the protected activity. *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (stating that "[t]he cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close'). In *Breeden*, the Supreme Court stated that a twenty-month gap between the protected activity and adverse employment action suggested "by itself, no causality at all," *id.* at 274, and cited two circuit court cases in which even a three- or four-month gap was deemed insufficient. *See id.* (citing *Richmond v.*

4

*ONEOK, Inc.*, 120 F.3d 205 (10th Cir.1997) (3-month period insufficient), and *Hughes v. Derwinski*, 967 F.2d 1168 (7th Cir.1992) (4-month period insufficient)).

In the instant case, the timing is not clear. It appears that the results of the investigation came in sometime in March 2010. Mr. Johnson seems to have been fired on May 3, 2010. *See* Mot. at 4. Nothing in the complaint indicates exactly when, in between these two dates, Mr. Johnson complained about the results of the investigation. Nor is it clear when he first made his complaint. Moreover, Mr. Johnson has not alleged any facts other than timing to support a claim that his termination was due to retaliation and not some other factor. Accordingly, the Court dismisses the retaliation claim but without prejudice in order to give Mr. Johnson an opportunity to plead additional factual allegations to establish a causal link between the protected activity and the adverse employment action. The Court acknowledges that, in his untimely opposition, Mr. Johnson claims that he was terminated "less than a month after receiving the results of [the] internal investigation." Opp'n at 1. However, that still does not state exactly when he complained about the results and tried to "go to the Board of Directors." Opp'n at 1. Furthermore, what Mr. Johnson states in his opposition is not controlling in this motion; what matters are the factual allegations in the complaint.

C.  Failure to Promote

As a preliminary matter, the Court takes note that Mr. Johnson seems to have broadened his discrimination claim in his opposition brief. That is, instead of just basing his discrimination claim on a failure to promote, he is claiming discrimination based on, *inter alia*, offensive or inappropriate comments, unequal pay, and exclusion from participation in the management team even though he was doing all of the substantive work. But because those allegations are not a part of his complaint, they shall not, at least at this point, be considered.

1.  Mr. Eckstrom

According to Defendants, the failure-to-promote claim, as asserted against Mr. Eckstrom, should also be dismissed because an individual is not subject to suit under Title VII.

To the extent the claim for failure to promote is based on alleged race discrimination, the claim is covered by Title VII, see 42 U.S.C. § 2000e-2(a)(1) (providing that it is unlawful for an employer "to discriminate against any individual with respect to his compensation, terms,

5

conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national orientation"), and therefore shall be dismissed for the reasons stated above. *See* Part II.B.1, *supra*.

However, to the extent the failure-to-promote claim is based on sexual orientation discrimination, Title VII does not protect against such discrimination in the first place. *See Chrisanthis v. Nicholson*, No. C 07-00566 WHA, 2007 U.S. Dist. LEXIS 73737, at *6 (N.D. Cal. Sept. 25, 2007). Accordingly, the failure-to-promote claim based on such discrimination shall be dismissed on that basis.

Finally, the failure-to-promote claim to the extent it is based on disability discrimination shall also be dismissed. While the Americans with Disabilities Act ("ADA) does protect against disability discrimination, the Ninth Circuit has held that, as with Title VII, "individual defendants cannot be held personally liable for violations of the ADA." *Walsh v. Nevada Dep't of Hum. Res.*, 471 F.3d 1033, 1038 (9th Cir. 2006).

Accordingly, the Court dismisses the failure-to-promote claim in its entirety. Like the retaliation claim, the failure-to-promote claim is dismissed with prejudice as it is not legally viable and therefore allegation of additional facts would be futile.

    2.     <u>HAMC</u>

        a.     <u>Race</u>

Defendants argue that the failure-to-promote claim based on alleged race discrimination must be dismissed as to HAMC because Mr. Johnson has failed to plead the prima facie elements of the claim as laid out by *McDonnell Douglas v. Green*, 411 U.S. 792 (1973). This argument is not persuasive because, in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), the Supreme Court expressly held that the prima facie case in the discrimination context "is an evidentiary standard, not a pleading requirement." *Id.* at 510. Thus, "an employment discrimination plaintiff need not plead a prima facie case of discrimination," *id.* at 515; instead, "the ordinary rules for assessing the sufficiency of a complaint apply." *Id.* at 511. *Twombly* and *Iqbal* did not overrule *Swierkiewicz*. As Judge Seeborg stated in *Kuang-Bao Ou-Young v. Potter*, No. C 10-0464 RS, 2011 U.S. Dist. LEXIS 22 (N.D. Cal. Jan. 3, 2011),

> [w]hile a plaintiff in a Title VII employment discrimination case must comport with Rule 8's pleading requirements as refined in *Twombly* and *Iqbal*, this does not mean the plaintiff must prove its prima facie discrimination case at the pleading stage. . . . Even post *Twombly* and *Iqbal*, a plaintiff need not supply specific evidence adequate to withstand the four-part *McDonnell Douglas* test; what he or she must do is allege facts that state a facially plausible Title VII claim.

*Id.* at *6-8; *see also Twombly*, 550 U.S. at 570 (affirming *Swierkiewicz*'s holding that "heightened fact pleading of specifics" is not required, "only enough facts to state a claim to relief that is plausible on its face").

That being said, Defendants properly contend that Mr. Johnson has failed to plead a plausible claim for race discrimination, as required by *Twombly* and *Iqbal*. There is nothing in the complaint to give rise to a plausible inference that the reason for Mr. Johnson being denied the promotion was his race. There is no allegation that, *e.g.*, a less qualified person of another race was awarded the promotion over him or that there is a pattern in failing to promote African Americans at HAMC. While Mr. Johnson does indicate in his complaint that he was not given equal pay while employed at HAMC, there is no allegation, for example, that only he or other African American employees received the low pay scale while other similarly situated white employees got paid at the higher end of the scale. *Compare Roughgarden v. YottaMark, Inc.*, No. 5:10-CV-04098 JF (PSG), 2011 U.S. Dist. LEXIS 24895, at *7-8 (N.D. Cal. Mar. 9, 2011) (in age discrimination case, taking note of allegations that "three of [plaintiff's] co-workers, each older than forty-five, were terminated and replaced by younger employees, and that [defendant] has a youth-oriented policy designed to reduce its number of older employees"; concluding that "allegations in combination are sufficient to nudge his claim of age discrimination across the line from conceivable to plausible, because they contain circumstantial evidence to suggest plausibility that Defendants acted with discriminatory intent") (internal quotation marks omitted).

The Court thus dismisses the claim but without prejudice in order to give Mr. Johnson an opportunity to make additional factual allegations to establish, in essence, that HAMC acted with discriminatory intent in failing to promote him.

### b. Sexual Orientation

As discussed above, neither Title VII nor any other federal law protects against discrimination on the basis of sexual orientation. Accordingly, the failure-to-promote claim based on alleged sexual orientation discrimination shall be dismissed with prejudice.

### c. Disability

Finally, to the extent the failure-to-promote claim is based on alleged disability discrimination, Title VII does not provide any protection but the ADA does. Even assuming an ADA claim, however, there is still a plausibility problem similar to above. That is, there are no factual allegations plausibly establishing that the failure to promote was based on Mr. Johnson's disability. In fact, no disability is even identified in the complaint in the first place. In his untimely filed opposition, Mr. Johnson points to a comment made by a co-worker but that comment is immaterial because the co-worker does not appear to have had any role in the decisionmaking process regarding the promotion.

Thus, this claim shall also be dismissed, but without prejudice.

## D. Defamation – Mr. Eckstrom and HAMC

Finally, Defendants make multiple arguments as to how the defamation claim – asserted against both Mr. Eckstrom and HAMC – is deficient. For example, Defendants assert that the claim is not sufficiently specific, that Mr. Johnson has failed to plead causation and a lack of malice, and that he claim may be barred by the statute of limitations. For purposes of this opinion, the Court need not address all of these arguments. The critical one is that Mr. Johnson has failed to plead causation.

Mr. Johnson's defamation claim is based on the following allegations: "I am request[ing] for Defamation of character = 100,000.00 (3 positions [I] would have gotten had [there] not been a connection with my past employer [i.e., HAMC.] Both [knew] of the situation without me telling them. (Progress Foundation and Providence House.)" 2d Compl. at 5. Defendants argue that the above allegations are not sufficient to plead causation because "Plaintiff's theory is based on an enormous leap, that, because he did not get any of the three positions, and because both companies allegedly knew of the situation with HAMC, Defendants must have defamed his character to those

8

two companies." Mot. at 13 (emphasis in original).

As indicated by the above, although Defendants characterize the problem as a failure to plead causation, the thrust of the argument is, in fact, that Mr. Johnson has not pled a plausible claim for defamation, as required by *Twombly* and *Iqbal*. The Court agrees. Based on the allegations in the complaint, it is entirely speculative that Defendants made a defamatory statement or statements to the potential employers which caused Mr. Johnson not to get the positions with those companies.

Accordingly, the Court shall dismiss the claim for defamation. The dismissal, however, shall be without prejudice because it is not clear at this juncture that Mr. Johnson could not plead additional factual allegations to support a claim for defamation.

### III. CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss. More specifically, it rules as follows.

(1) Retaliation.

    (a) Mr. Eckstrom. The claim against Mr. Eckstrom is dismissed with prejudice. Therefore, Mr. Johnson does *not* have leave to amend to replead a retaliation claim against Mr. Eckstrom.

    (b) HAMC. The claim against HAMC is dismissed without prejudice. Mr. Johnson has leave to amend his complaint to replead a retaliation claim against HAMC. Mr. Johnson must include in the amended claim factual allegations to support a causal link between the protected activity and the adverse employment action.

(2) Failure to promote based on race.

    (a) Mr. Eckstrom. The claim against Mr. Eckstrom is dismissed with prejudice. Therefore, Mr. Johnson does *not* have leave to amend to replead a claim for a racially discriminatory failure to promote against Mr. Eckstrom.

    (b) HAMC. The claim against HAMC is dismissed without prejudice. Mr. Johnson has leave to amend his complaint to replead a claim for a racially discriminatory failure to promote against HAMC. Mr. Johnson must include in the amended claim factual allegations to support a claim of racially discriminatory intent on the part of HAMC.

(3) Failure to promote based on sexual orientation.

    (a) Mr. Eckstrom and HAMC. The claim against Mr. Eckstrom and the claim against HAMC are both dismissed with prejudice. Therefore, Mr. Johnson does *not* have leave to amend to replead a claim for failure to promote based on sexual orientation.

(4) Failure to promote based on disability.

    (a) Mr. Eckstrom. The claim against Mr. Eckstrom is dismissed with prejudice. Therefore, Mr. Johnson does *not* have leave to amend to replead a claim for failure to promote based on disability.

    (b) HAMC. The claim against HAMC is dismissed without prejudice. Mr. Johnson has leave to amend his complaint to replead a claim for failure to promote based on disability. Mr. Johnson must include all the factual elements of a claim of disability discrimination, including establishing he has a disability qualifying him for protection under the law.

(5) Defamation.

    (a) Mr. Eckstrom and HAMC. The claim against Mr. Eckstrom and the claim against HAMC are both dismissed without prejudice. Mr. Johnson has leave to amend his complaint to replead a claim for defamation. Mr. Johnson must include in the amended claim factual allegations to make a plausible claim for defamation.

In addition to the above, the Court shall give Mr. Johnson leave to file a claim for discrimination based on an adverse employment action other than the alleged failure to promote. In the claim, which is permitted as to HAMC only (and not Mr. Eckstrom), Mr. Johnson must specify the basis of the alleged discrimination; in addition, he must plead factual allegations supporting an inference of discriminatory intent.

**Mr. Johnson has thirty (30) days from the date of this order to file an amended complaint consistent with this order. If no amended complaint is filed, then the Clerk of the Court shall enter judgment in favor of Defendants and close the file in this case.**

Because the Court is giving Mr. Johnson leave to amend his complaint to address the deficiencies identified above, it shall deny his motion to amend, *see* Docket No. 35 (motion), as moot. Mr. Johnson is advised that he may seek advice from the Legal Help Desk. For Mr.

Johnson's benefit, the Court has appended to this order a flyer containing information about the Legal Help Center. A copy of the Handbook for Litigants Without a Lawyer is available at the Clerk's Office and on the Court's website – http://cand.uscourts.gov and more specifically, http://cand.uscourts.gov/proselitigants.

This order disposes of Docket Nos. 19 and 35.

IT IS SO ORDERED.

Dated: November 29, 2011

_____
EDWARD M. CHEN
United States District Judge