1

2

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

4

5

6

7   H. DEMETRIUS JOHNSON,

8          Plaintiff,

9          v.

10  HAIGHT ASHBURY MEDICAL CLINICS,
    INC.,

11

12         Defendant.

Case No.: C-11-02052-YGR

**ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS DEFAMATION
CLAIM WITHOUT LEAVE TO AMEND**

13         Plaintiff H. Demetrius Johnson brings this employment discrimination and defamation action

14  against Defendant Haight Ashbury Medical Clinics, Inc. ("HAMC").  Plaintiff alleges claims of

15  discrimination on the basis of race and disability, retaliation, and defamation.

16         Defendant has filed a Motion to Dismiss First Amended Complaint directed at only the

17  defamation claim on the ground that Plaintiff has failed to state a claim under Federal Rule of Civil

18  Procedure 12(b)(6).  Dkt. No. 50.

19         Having carefully considered the papers submitted and the pleadings in this action, and for the

20  reasons set forth below, the Court hereby GRANTS the Motion to Dismiss without leave to amend the

21  defamation claim.[1]

22      **I.     REQUEST FOR JUDICIAL NOTICE**

23         HAMC filed a Request for Judicial Notice in Support of Defendant's Motion to Dismiss

24  Plaintiff's Complaint.  Dkt. No. 51.  The Court DENIES this Request because it is unnecessary to take

25  judicial notice of documents in the record in this action.

26

27

28

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion, which has been noticed for hearing on February 28, 2012, is appropriate for decision without oral argument.  Accordingly, the Court VACATES the hearing set for February 28, 2012.

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, who proceeds *pro se*, commenced his action on April 26, 2011.[2]  The Court previously summarized the claims in the original complaint as alleging: (1) retaliation based on participation in a protected activity; (2) failure to promote based on race, sexual orientation, and/or disability; and (3) defamation.  Order Granting Defendants' Motion to Dismiss and Denying as Moot Plaintiff's Motion to Amend ("First Order"), Dkt. No. 39, at 2.  On a prior motion to dismiss, the Court dismissed all of Plaintiff's claims.  *Id.* at 9–10.  Plaintiff was given leave to amend his claims of retaliation, failure to promote based on race and disability, and defamation against HAMC.[3]  *Id.*  The claim against HAMC for failure to promote based on sexual orientation was dismissed with prejudice. *Id.* at 10.  The Court also allowed leave to file a claim for discrimination based on an adverse employment action other than the alleged failure to promote.  *Id.*  In the FAC, Plaintiff now alleges claims for intentional discrimination on the basis of race and disability, retaliation, and defamation. FAC ¶¶ 7–10, Dkt. No. 47.  He no longer alleges a claim for failure to promote.

To briefly summarize, Plaintiff alleges a series of discriminatory acts beginning in or around December 2005 which continued until his employment termination in May 2010.  FAC ¶¶ 2–4.  The alleged acts included that Defendant: (1) failed to conduct an investigation after a co-worker advised that it might be "too difficult for [Plaintiff]" to work with the HIV population; and (2) failed to give Plaintiff a scheduled pay raise following a promotion, but provided it to a Caucasian employee, and failed to retroactively pay him the correct amount.  *Id.* ¶¶ 10(1) & (2).  Further, Plaintiff alleges that following another promotion, a subordinate employee refused to implement certain protocols initiated by Plaintiff and instead, followed his own protocols with the support of former defendant and CEO John Eckstrom.  *Id.* ¶ 10(3).  In addition to challenging Plaintiff on many aspects of his management, this subordinate employee also made an allegedly discriminatory comment regarding African-Americans.  *Id.*  Plaintiff alleges that Defendant failed to respond to his internal complaint regarding

---

[2] While Plaintiff was *pro se* at the time he filed his original complaint, his first Amended Complaint ("FAC") was filed by attorney Joel Roberts.  *See* Dkt. No. 47.  Since that time, Plaintiff filed a notice informing the Court that he was no longer represented by Mr. Roberts.  Dkt. No. 57.

[3] John Eckstrom was named as a defendant in the original complaint and joined in the prior motion to dismiss. Because Mr. Eckstrom is not named as a defendant in the FAC, the Court will not elaborate on the extent to which Plaintiff was granted leave to amend claims against him.

United States District Court
Northern District of California

1   this subordinate, and that he was placed on administrative leave for reaching out to the "Consortium

2   (an umbrella group of organizations that oversaw grant compliance for the various organizations,

3   including Defendant)" regarding whether the subordinate's self-imposed protocols raised any

4   problems with Defendant's contract compliance.  *Id.*  Plaintiff filed a discrimination claim with the

5   EEOC.  Shortly thereafter, Defendant allegedly terminated his employment in retaliation for the

6   EEOC claim.  *Id.*

7        Defendant HAMC recognizes that the FAC contains claims under Title VII and moves to

8   dismiss "only o[n] the claim for Defamation."[4]  Dkt. No. 50 ("Mot.") at 3.  As to defamation, the

9   Court previously held as follows:

10       Mr. Johnson's defamation claim is based on the following allegations: "I am
11       request[ing] for Defamation of character = 100,000.00 (3 positions [I] would have
         gotten had [there] not been a connection with my past employer [i.e., HAMC.]  Both
12       [knew] of the situation without me telling them. (Progress Foundation and
         Providence House.)"  2d Compl. at 5.  Defendants argue that the above allegations
13       are not sufficient to plead causation because "Plaintiff's theory is based on an
         enormous leap, that, because he did not get any of the three positions, and because
14       both companies allegedly knew of the situation with HAMC, Defendants must have
15       defamed his character to those two companies."  Mot. at 13 (emphasis in original).

16       As indicated by the above, although Defendants characterize the problem as a failure
17       to plead causation, the thrust of the argument is, in fact, that Mr. Johnson has not
         pled a plausible claim for defamation, as required by *Twombly* and *Iqbal*.  The Court
18       agrees. Based on the allegations in the complaint, *it is entirely speculative that*
         *Defendants made a defamatory statement or statements to the potential employers*
19       *which caused Mr. Johnson not to get the positions with those companies*.

20       Accordingly, the Court shall dismiss the claim for defamation. The dismissal,
21       however, shall be without prejudice because it is not clear at this juncture that Mr.
         Johnson could not plead additional factual allegations to support a claim for
22       defamation.

23   First Order at 8–9 (emphasis supplied).

24       The FAC now alleges that: "Defendant engaged in defamation of Plaintiff's character to the

25   extent that Plaintiff's administrative leave and termination impaired his relations with staff and other

26   agencies in the community, and to the extent that Defendant divulged information about Plaintiff's

27   difficulties with Defendant to prospective employers.  Plaintiff applied for three positions with two

28
    _____
    [4] Defendant filed an Answer to the FAC on the same day it filed the pending motion.  Dkt. No. 49.

                                    3

United States District Court
Northern District of California

1   nonprofit organizations, Progress Foundation and Providence House; both agencies knew of

2   Plaintiff's difficulties with Defendant despite the fact that Plaintiff did not discuss these matters with

3   these prospective employers." FAC ¶ 10(4).  Plaintiff's demand for relief includes "$100,000 for

4   defamation of character and resulting loss of employment opportunities." *Id.* at Demand ¶ (3).

5       Defendant argues that the FAC fails to state a claim for defamation under Federal Rule of

6   Civil Procedure 12(b)(6).  Mot. at 4–6.  Relying on practically the same arguments as on the prior

7   motion to dismiss, it argues that Plaintiff's claim is not plausible and does not sufficiently plead the

8   requisite facts to support his claim. *Id.* at 5–7.  Specifically, Defendant contends that the claim is not

9   sufficiently specific, that Plaintiff has failed to plead causation and a lack of malice, and that he may

10  be barred by the statute of limitations.

11      Plaintiff filed an opposition to the pending motion on January 26, 2012.  Dkt. No. 58.   His

12  bullet-pointed opposition stated the following five sentences about the defamation claim:

- Program Manager from Ark of Refuge directly stated to the Plaintiff, "I was
13
14     told you had been terminated for sleeping with a coworker.["]

- Haight Ashbury would have the dates/times of the incidents in question.
15
- San Francisco is a very small and close community (as it relates to non
16
17     profits working together and knowing each other)[.]

- Two known staff members talked directly to these agencies, one (1) was a
18
19     staff person who worked directly with the Plaintiff, the other was the
20     Development Director who had been instructed to contact agencies, etc[.] to
21     let them know of Plaintiff H. Demetrius Johnson's absence.

- Wrongful termination on May 4, 2010.
22

23  Dkt. No. 58 ("Opp.") at 2.  Defendant filed a Reply to Motion to Dismiss Plaintiff's FAC on February

24  2, 2012, but did not address the substance of the opposition.  Dkt. No. 60.  Instead, Defendant raised a

25  series of procedural objections to the Opposition. *Id.*

4

United States District Court
Northern District of California

1

2

III.    DISCUSSION

**A. Legal Standard on Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)**

3

4

5

6

7

8

9

10

11

12

13

14

As stated in the First Order, a motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ("*Twombly*"). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Id.* at 1949.

15

**B. Defamation**

16

17

18

19

20

21

22

23

24

25

26

27

28

The tort of defamation "involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007) (internal citations omitted); *see* Cal. Civ. Code §§ 45–46. For there to be a publication, there must be some communication—whether oral or written. Cal. Civ. Code §§ 45–46. A statutory privilege exists for communications made by "a current or former employer" that are "concerning the job performance or qualifications of an applicant for employment, based upon credible evidence, [and that are] made without malice." Cal. Civ. Code § 47(c). The communication must be made "upon [the] request of[] one whom the employer reasonably believes is a prospective employer of the applicant." *Id.* Further, this statute "authorizes a current or former employer, or the employer's agent, to answer whether or not the employer would rehire a current or former employee." *Id.*; *see Neal v. Gatlin*, 35 Cal. App. 3d 871, 877 (Cal. Ct. App. 1973) ("It is well established that a former employer may properly respond to an inquiry from a potential employer

5

United States District Court
Northern District of California

1  concerning an individual's fitness for employment, and if it is not done maliciously such response is

2  privileged.").

3            **C.  Plaintiff's Defamation Allegations Fail to State a Claim.**

4            The First Order explicitly stated that in re-pleading the claim, "Mr. Johnson must include in

5  the amended claim factual allegations to make a plausible claim for defamation." First Order at 10.

6  Specifically, the Court explained that the allegations in the original complaint were "entirely

7  speculative that Defendants made a defamatory statement or statements to the potential employers

8  which caused Mr. Johnson not to get the positions with those companies." *Id.* at 9. The FAC does

9  not cure this deficiency.

10           The FAC vaguely alleges that "Defendant divulged information about Plaintiff's *difficulties*

11  with Defendant to prospective employers" and that "both agencies knew of Plaintiff's *difficulties* with

12  Defendant despite the fact that Plaintiff did not discuss these matters with these prospective

13  employers." FAC ¶ 10(4) (emphasis added). Nowhere in the FAC does Plaintiff explain what

14  statements about his "difficulties" were made to the prospective employers. Without these facts,

15  Plaintiff cannot establish there was a publication or communication. In Plaintiff's Opposition, he

16  explains that "Program Manager from Ark of Refuge directly stated to the Plaintiff, 'I was told you

17  had been terminated for sleeping with a coworker.[']" Opp. at 2.[5] However, Plaintiff does not allege

18  that Ark of Refuge was a prospective employer, nor does the FAC ever mention sleeping with a

19  coworker. *Compare* Opp. at 2 *with* FAC ¶ 10(4). And while Plaintiff seems to conclude that

20  Defendant must have made this statement to Ark of Refuge because of the "very small and close

21  [nonprofit] community" in San Francisco, the FAC does not allege any facts regarding the statements

22  that were made by Defendant to either *prospective employer*. Indeed, Plaintiff indicates he cannot

23  provide any facts regarding the alleged statements of his "difficulties" by stating in his Opposition

24  that "Haight Ashbury would have the dates/times of the incidents in question." Opp. at 2.

25

26

27  [5] In examining a motion to dismiss, the Court must accept as true all of the factual allegations *in the complaint*.
*Twombly*, 550 U.S. at 555–56. Allegations made for the first time in response to a motion to dismiss need not

28  be taken as true. However, in this case, even the allegations made in Plaintiff's Opposition would not salvage
his defamation claim.

6

United States District Court
Northern District of California

1    Without articulating in any way, shape, or form in the FAC what statements were made by

2 Defendant to Plaintiff's prospective employers, he likewise fails to meet the additional elements of

3 defamation regarding the false nature of the statements, how they were defamatory, or how they

4 injured him or his reputation.[6]  His claim, in its entirety, is still "entirely speculative."  First Order at

5 9; *Twombly*, 550 U.S. at 555.

6    Plaintiff was provided with an opportunity to cure the deficiencies of the original complaint

7 and set forth allegations to state a claim of defamation.  Plaintiff has failed to do so and there appears

8 to be no circumstances under which Plaintiff can plausibly state a claim.  Because Plaintiff is unable

9 to cure the deficiencies of this claim through further amendment, leave to amend would be futile and

10 the claim should be dismissed with prejudice.

11    **IV.    CONCLUSION**

12    For the foregoing reasons, Defendant's Motion to Dismiss **as to the defamation claim only** is

13 **GRANTED WITH PREJUDICE.**  This Order terminates Dkt. No. 50.  Pursuant to Fed. R. Civ. P. 12(f)

14 and consistent with this Order, the Court hereby strikes the FAC ¶ 10(4) and the Demand for Relief

15 contained in the FAC at ¶ (3).  *See* Dkt. No. 47.

16    **IT IS SO ORDERED.**

17

18 Dated: February 27, 2012

19    **YVONNE GONZALEZ ROGERS**
     **UNITED STATES DISTRICT COURT JUDGE**

20

21

22

23

24

25

26

27

---

28

[6] Plaintiff has similarly failed to allege facts that, if taken as true, could overcome the statutory privilege in Cal. Civil Code § 47(c).  *See Neal*, 35 Cal. App. 3d at 877.  Plaintiff further failed to respond to the issue of privilege in his Opposition.